In the United States District Court for the Western District of the United States

RECEIVED
DEC 20 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

Brian G. Oatman #2097131
Willacy Unit
1695 S. Buffalo Dr.
Raymondville, TX 78580

v.

Brian Collier, Exec. Director
TDCJ, P.O. Box 99 Huntsville
TX 77342

Bobby Lumpkin, Director,
TDCJ-CID P.O. Box 99 Huntsville,
TX 77342

Dr. Lannette Linthicum, Director
TDCJ Health Svc. Div.
P.O. Box 99 Huntsville, TX

Warden Rodriguez, MTC Corporation
1695 S. Buffalo Dr. Raymondville, TX 78580

: Order to show
: Cause for an preliminary
: Injunction & A Temporary
: Restraining Order
:
: Civil Action No _____
:
: 1:21CV1177 LY

Upon the complaint, the supporting affidavits of plaintiffs, and the memorandum of law submitted herewith, it is:

Ordered that defendants Brian Collier, Bobby Lumpkin, Dr. Lannette Linthicum, & Warden Rodriguez, Show Cause in room _____ of the United States Courthouse, _____ on the ____ day of _____, 20__, at ____ o'clock, why a preliminary injunction should not issue pursuant to Rule 65(a) of

the Federal Rules of Civil Procedure enjoining the defendants, their successors in office, agents and employees and all other persons acting in concert and participation with them, from further causing mental & physical harm by violating my 1st, 14th, 5th & 8th Amendment rights & housing me in unsafe conditions which pose clear & present imminent danger to my safety & health & which block my access to the courts, destroy my legal work & prevent me from filing grievances, through the use of officer initiated gang intimidation & exposure to second hand smoke, live electrical wire & deadly illicit drugs & more.

It is further ordered that effective immediately, and pending the hearing and determination of this order to show cause, the defendents Brian Collier, Bobby Lumpkin, Dr. Lannette Linthicum & Warden Rodriguez quit blocking my access to the courts by confiscating my typewriter & legal documents, my reading light & radio which I use to keep up with reading law and current events that effect the case I've been attempting to bring to this court for a full 2 years. & from housing me in conditions that restrict my liberties beyond those of G-4, G-5 & Ad Seg prisoners who are being punished. & cause my mental health to deteriorate again & cause me to suffer more deadly dangerous physical harm than did my very recent 4 day stay in a local hospital.

It is Further Ordered that the order to show cause, and all other papers attached to this application, be served on the aforesaid Plaintiffs by ———————.

_____

Dated: _____
United States District Judge

The aforementioned individuals are denying & restricting me the exercise of my religion. I am being denied consistant & meaningful access to the practice of my religion which is in violation of 42 U.S.C. § 1983 by virtue of my rights under the first & fourteenth Amendments to the United States Constitution & in violation of 42 U.S.C. § 2000-cc-1, the Religious Land Use and Institutionalized Persons Act (RLUIPA) & the Americans with Disabilities Act (ADA).

- Bobby Lumpkin (Director of TDCJ-CID), is named as "Respondent Superior" in the foregoing claim, although Warden Jimmy Smith, Chaplain Gary L. Redwine & Timothy C. Jones are employees under direct supervision of respondent superior, and are responsible to ensure that my religious requirements are met.
- Dale Wainwright, Chairman of the Board of Criminal Justice (TBCJ) is responsible for creating and maintaining policies that do not violate my Constitutionally protected rights. Because of the deliberate indifference of the aforementioned defendants in refusing to hire sufficient numbers of Native American chaplains to provide adequate and regular amounts of ceremonies, set forth by A.D. 07.30, to sufficiently meet my religious needs, and also by enforcing rules and regulations that restrict me from my constitutionally protected right to practice my religion in the least restrictive means necessary.

1) The first issue deals with TDCJ's grooming policy. In Civil Action No. 2:12-cv-00166 on February 26, 2019, United States District Judge Nelva Gonzales Ramos enjoined TDCJ

from enforcing its male grooming policy against inmate Robbie Dow Goodman, William Casey & Raymond Cobb of the McConnell Unit in Beeville, TX. TDCJ allows these three inmates to grow their hair long in accordance with our Native American religious beliefs but refuses to update their grooming policy to respect my 1st & 14th Amendment rights to do the same. Dale Wainwright, being Chairman of the Board of Criminal Justice is responsible for creating and maintaining policy issues for TDCJ & even though TDCJ argued that "creating a religious privilege of wearing long hair would engender jealousy & foment more fights," Mr. Wainwright refuses to change our grooming policy while allowing only three inmates to grow long hair. Upon hearing of Judge Ramos' ruling our Native American groups here inside of TDCJ began growing our hair. In October of 2019, I was pulled out of the commissary line at the Daniel Unit & made to cut my hair by Warden Castillo & was told that "the court ruling only applies to the inmates named in the lawsuit." On December 10, 2019, I was transferred from the Daniel Unit to the McConnell Unit where I attended services with the three inmates who are named in the suit. I was denied my ability to practice my religion at the McConnell Unit for the same reasons I had been denied at Daniel Unit even though I share the same faith & same heritage as the three inmates who are named in the suit & attended the very same worship services. The elders in our Native American circle encouraged anyone who wished to grow their hair in accordance with our spiritual beliefs to file grievances. On February 10, 2020, I filed a step I

grievance complaining of the grooming policy violating my 1st & 14th Amendment rights as well as violating the religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000-cc-1. Before I could even get an aswer to my Step 1, on March 17, 2020 I was transferred once again, this time to the Allred Unit, which is not even a designated Native American Unit. Once again, I requested from Warden Jimmy Smith & Chaplain Redwine, if I could grow my hair, & once again I was denied in violation of my rights. On April 7, 2020, my Step 1 was returned to me six days beyond it's due date. On April 11, 2020, I filed my Step 2 grievance, successfully completing the grievance process in accordance with the Prison Litigation Reform Act (PLRA).

- On June 1, 2020, my Step 2 grievance was returned to me 9 days past its due date of May 23, 2020. In the answer to my Step 2, Deputy Director of Religious Services, Timothy C. Jones, refused to grant the relief that I had asked for in my step 1, which was attached to my Step 2 per policy. Mr. Jones went on to falsely state that I had addressed too many issues, that I had not offered any Court Cases nor verdicts recently rendered specific to Native American grooming standards & he predicted that I would fail to comply with policy and recieve disciplinary cases.
- In June of 2020, I wrote to the Travis County Law Library requesting a copy of the Court's 23 page ruling that I had mentioned in my Step 1 grievance, due to

Pg. 4

the Covid-19 Pandemic, my request was transferred and I did not receive a copy of Judge Ramos' ruling until September 14, 2020. After reading this ruling, I decided that I have to file this 1983 Action to be able to practice my religion, I wouldn't be an American if I didn't.

2) The Second issue has to do with TDCJ housing me and several other Native American inmates that have been deemed "heat sensative", at the Allred Unit, which is not one of TDCJ's designated Native American Units. Being housed at this Unit that does not officially reecognize nor cater to my religion, severely hampers my ability to ~~produce~~ practice my religion & is not done in the least restrictive means of furthering TDCJ's compelling interests". I suspect that I have been sent here because of my showing interest in growing my hair & for filing grievances. The "cool-bed" classification was given to me with no hearing & no evidence. My mental health counselor told me that I am deemed "heat sensative", because I am diagnosed as "Bipolar". This is both a suspect classification and a suspect diagnosis because I have never been given the proper diagnostic testing that is required to develope this bipolar 1 diagnosis. Never-the-less, even if, I was properly diagnosed, it is still a violation of my 1st & 14th Amendment rights to be sent to a non-Native American Unit. It also violates my rights under RLUIPA & the Americans with Disabilities Act (ADA). TDCJ cannot prevent me from practicing my religion because of my mental or physical disabilities. I suspect that I was transferred here to the Allred Unit High Security building for filing grievances with regard to my religious freedom rights. I am a general population inmate but am

being housed in the High Security building which severely restricts all of my liberties. This should be thoroughly investigated. I have filed 2 complaints with the Texas Medical Board & have been assigned two case numbers (File# 20-1299 Unidentified & File# 20-1839 Unidentified MD) with regard to this discriminatory and suspect re-classification.

## Relief

- I would like a Declatory Judgment and injunction for TDCJ & TBCJ to change their grooming policies to match the relief granted to the three inmates in Civil Action No: 2:12-cv-00166 & to bring their policy in line with the 1st & 14th Amendments to the U.S. Constitution; the RLUIPA & to allow my Native American brothers & myself to grow our hair long in accordance with our religious beliefs.

- I seek a Declatory Judgment and injunction for TDCJ to quit sending "cool-bed" classified inmates who follow the Native American religion to I.D. Units that are not designated as Native American Units & that do not employ any Native American Chaplains who are capable of properly facilitating our unique worship services & to quit discriminating against me and others on the basis of our religion or health in accordance with the ADA, RLUIPA, 1st & 14th Amendments of the U.S. Constitution.

- I also request that if I win this lawsuit that the defendants pay for any and all court expenses, lawyers fees, filing fees etc, for this entire lawsuit.