Case 1:21-cv-01177-LY-DH Document 37 Filed 03/30/22 Page 1 of 11
Case 1:22-cv-00210 Document 13 03/30/2022 Page 1 of 5
Filed

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 07/2021)

IN THE UNITED STATES DISTRICT COURT
FOR THE __Western__ DISTRICT OF TEXAS
__Austin__ DIVISION

__Brian G. Oatman #2097131__
Plaintiff's Name and ID Number

__Cotulla Unit__
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

__Bryan Collier, Exec. Dir. TDCJ__
__P.O. Box 99, Huntsville, TX 77342__
Defendant's Name and Address
__Bobby Lumpkin, Dir TDCJ-CID__
__P.O. Box 99, Huntsville, TX 77342__
Defendant's Name and Address
__Patrick O'Daniel Chairman TBCJ__
__P.O. Box 13084 Austin, TX 78711-3084__
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.



**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $52.00 for a total fee of **$402.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $52.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? **X** YES ___ NO
   B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
      1. Approximate date of filing lawsuit: March 7, 2022
      2. Parties to previous lawsuit:
         Plaintiff(s) Brian G. Oatman
         Defendant(s) Robert Scott Marquardt, MTC
      3. Court: (If federal, name the district; if state, name the county.) S.D. Tex, Brownsville, TX
      4. Cause number: 1:22-CV-00022
      5. Name of judge to whom case was assigned: Fernando Rodriguez Jr.
      6. Disposition: (Was the case dismissed, appealed, still pending?) Still Pending
      7. Approximate date of disposition: Still Pending

2

②

II. PLACE OF PRESENT CONFINEMENT: Cotulla Unit

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   X YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Brian G. Oatman #2097131
Cotulla Unit, 610 FM 624, Cotulla, TX 78014

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1 Bryan Collier, Exec. Dir. Texas Dept of Criminal Justice (TDCJ)
P.O. Box 99 Huntsville, TX 77342

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
He is violating my 1st, 5th, 14th, 8th Amendments, the RLUIPA & the ADA.

Defendant #2: Bobby Lumpkin, Director, TDCJ-CID
P.O. Box 99 Huntsville, TX 77342

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
He is violating my 1st, 5th, 14th, 8th Amendments, the RLUIPA & the ADA.

Defendant #3: Patrick O'Daniel, Chairman of the Board, Texas Board of Criminal Justice (TBCJ)
P.O. Box 13084 Austin, TX 78711-3084

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
He is violating my 1st, 8th, 14th Amendments, the RLUIPA & the ADA.

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

3

③

V.  STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

1) On Feb. 26, 2019 in Case No. 2:12-cv-00166 Judge Nelva Gonzalez Ramos enjoined TDCJ from enforcing its grooming policy against the plaintiffs in that case

2) Patrick O'Daniel acting with deliberate indifference to my 1st, 14th, 8th Amendments, the RLUIPA & the ADA refuses to update his unconstitutional policies with regard to my Native American religion

3) Bobby Lumpkin & Bryan Collier are both acting with deliberate indifference to my 1st, 14th, 5th & 8th Amendments, the RLUIPA, the ADA, the Rehabilitation Act & the CRIPA by enforcing unconstitutional policies with regard Please See: 4(a) & 4(b)

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I seek declaratory judgment, Injunction, Punative & Compensatory damages, filing fees, Court Costs & anything else this Court sees fit to do

VII. GENERAL BACKGROUND INFORMATION:

A.  State, in complete form, all names you have ever used or been known by including any and all aliases.
Brian G. Oatman, "Firewater"

B.  List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
TDCJ #2097131, York County Prison #79801, York, PA.

VIII. SANCTIONS:

A.  Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES  X  NO

B.  If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division):_____
   2. Case number:_____
   3. Approximate date sanctions were imposed:_____
   4. Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

4

(4)

Case 1:22-cv-00210

to my religion & for the last two years have deprived me of my rights to practice my religion in a meaningful way by re-classifying me & transferring me to restrictive housing assignments on Units that are not designated Native American Units & do not allow my Unique prayer ceremonies which include tobacco & smoke or smudging nor do they have Native American Chaplains or Libraries on those Units.

4) These transfers to restrictive housing Units were done in an attempt to satisfy TDCJ's many 8th Amendment violations as revealed in Civil Action 4:14-cv-01698 Doc 737, "Defendants may reconfigure areas that are currently air Conditioned to accomodate the heat sensative or move them to other facilities in Texas."

5) This re-classification to "heat Sensative," was done without a hearing & in violation of my 1st, 5th, 14th, 8th, RLUIPA, ADA, Rehabilitation Act & CRIPA rights & caused me to suffer irreparable harm to my life, Liberty & property.

6) These unconstitutional Actions & inactions by the aforementioned defendants started on Feb. 26, 2019 & Continue to the present.

7) The RLUIPA & the ADA both state that the Government must accomodate my needs both religious & with regard to my mental illness or disability. My RLUIPA & ADA rights are being violated by all three aforementioned defendants by keeping & enforcing unconstitutional policies.

4(a)

(5)

8) TDCJ policy requires inmates who wish to attend Native American services to study for & pass a religious mental acuity & knowledge test with a 70% or above before they will be allowed to transfer to a designated unit or even attend Native American Services on a designated Unit. No other religion requires this test.

9) The State violates the Establishment clause & the Free exercise clause of the First Amendment by producing religious materials and requiring inmates to gain knowledge of a religion. They have in fact established a church.

10) TDCJ refuses participation in Native American Services if an inmate cannot pass this assessment test. This violates the Americans with Disabilities Act (ADA) & the Religious Land Use & Institutionalized Persons Act (RLUIPA) by creating a substantial burden on inmates of low IQ or that have certain mental disabilities.

11) Proper Native American Services are only held on the ten TDCJ "designated" Native American Units, three of which are female Units. To the best of my knowledge most of these Units do not have substantial numbers of cool-bed housing for heat sensative inmates which violates the 14th Amendment's equal protection clause, the ADA & RLUIPA.

12) All of the above listed Constitutional violations violate the Civil Rights of Institutionalized Persons Act (CRIPA).

13) TDCJ also coerces Native American practitioners to attend their services or get moved off of the designated Unit which violates the 1st Amendment

4(b)

C. Has any court ever warned or notified you that sanctions could be imposed?  X YES ___ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): W.D. Tex, Austin Div.
   2. Case number: A-21-CV-1177-LY
   3. Approximate date warning was issued: March 11, 2022

Executed on: _____
                    DATE

*Brian G. Oatman*
*Brian G. Oatman*
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __18th__ day of __March__, 20 __22__.
            (Day)            (month)              (year)

*Brian G. Oatman*
*Brian G. Oatman*
(Signature of Plaintiff)

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.





# Texas Department of Criminal Justice
## STEP 2    OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**
Grievance #: 2022042167
UGI Recd Date: 01/28/2022
HQ Recd Date: Feb/02/2022
Date Due: 03/09/22
Grievance Code: 200
Investigator ID#: ~~F2646~~ 2851
Extension Date: _____

Offender Name: Brian Oatman    TDCJ# 2097131
Unit: Willacy    Housing Assignment: BTR-14
Unit where incident occurred: Allred & Willacy

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

By filing this step 2 grievance I have successfully exhausted all remedies provided to me in accordance with the Prison Litigation Reform Act (PLRA). I am dissatisfied with the step 1 response because the UGI graded it wrong. This grievance is not about grooming, it is about TDCJ & their Subcontractors violating my Constitutional rights to practice my religion. This is not a Chaplaincy issue, it is done at the State Classification level & higher. On Dec. 10, 2019, TDCJ reclassified me as "Heat Sensative, Cool-bed-restricted", without a hearing violating my due process rights. They shipped me to the McConnell Unit for 3 months & then on March 17, 2020, I was shipped off of my Designated Native American Unit of McConnell, violating my 1st, 5th, 14th & 8th Amendments; My rights under the Religious Land Use & Institutionalized Persons Act (RLUIPA), The Americans with Disabilities Act (ADA) & The Civil Rights of Imprisoned Persons Act (CRIPA) & TDCJ refuses to allow me to grow my hair in accordance with my religious beliefs, which violates those same Amendments & Acts listed above. TDCJ's decision to ship me off of my Designated Native American Unit was not done in the least restrictive means necessary to satisfy the Courts' Remedy in Civil Action 4:14-cv-01698. The people responsible for denying me of my rights are: Bryan Collier, Bobby Lumpkin, Dale Wainwright & Robert Scott Marquadt, CEO of Maintenance & Training Corporation (MTC). These decisions to violate my rights are made at the executive levels of Government & Private Industry & There is nothing that this Chaplain, Warden nor Unit Classification officer can do to remedy it. The TBCJ, TDCJ & MTC management put inmates & their own employees in unnecessarily Stressful & Combative Situations when they knowingly make such poor

I-128 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix G

p. 1 of 2

choices to violate our Constitutional rights with such reckless abandon. These Actions were taken with deliberate indifference to my whole (TDCJ) Tribes' rights to Worship together. TDCJ, MTC & TBCJ's Actions are Morally reprehensible & Legally Contemptible.

**Offender Signature:** Brian L. Oatman   **Date:** 1-27-2022

**Grievance Response:** an investigation into your allegation has been conducted. In your step 1 response you were instructed to submit an I-60 request to the Unit Chaplain with further instructions to request reassignment to a Native American designated Unit. After further review, the Unit Chaplain still has not received an I-60 requesting such reassignment on your behalf. No further action warranted.

Tara Burson, Deputy Director of Operations
Private Facilities Division

**Signature Authority:** Tara Burson   **Date:** 2/10/22

---

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission**   **CGO Initials:** _____
Date UGI Recd:_____
Date CGO Recd:_____
   (check one) ____Screened   ____Improperly Submitted
Comments: _____
Date Returned to Offender:_____

**2nd Submission**   **CGO Initials:** _____
Date UGI Recd:_____
Date CGO Recd:_____
   (check one) ____Screened   ____Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**3rd Submission**   **CGO Initials:** _____
Date UGI Recd:_____
Date CGO Recd:_____
   (check one) ____Screened   ____Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**I-128 Back** (Revised 11-2010)   **Appendix G**

P. 2 of 2

Received 3-2-22



# Texas Board of Criminal Justice

*The Office of the Independent Ombudsman, is committed to providing the public, elected or appointed state officials, and inmates a confidential avenue for complaint resolution by receiving, reviewing, investigating, and responding to inquiries regarding non-criminal matters within the Texas Department of Criminal Justice.*

**Patrick L. O'Daniel**
**Chairman**

HOO

| | |
|---|---|
| **TO:** | Brian Oatman |
| **TDCJ #:** | 02097131 |
| **UNIT:** | Cotulla Unit |

**FROM: Office of the Independent Ombudsman**     **SUBJECT: Inmate Correspondence**

Your correspondence has been received and reviewed by this office and a response is indicated below. Contact the Warden, Major, Chief of Classification, or a Corrections Officer for issues you deem as an emergency. If you need additional information or assistance, you may contact the Unit Grievance Investigator at your unit.

☒ - Your correspondence was received at the Office of the Independent Ombudsman and has been forwarded to unit administration for information & review.

☐ - You must utilize the Offender Grievance Procedure to address your concerns. Use both steps of the grievance procedure to exhaust the administrative remedies available to you.

☐ - This issue is currently being addressed by unit officials. Grievance #_____ is under review at Step1 or Step 2.

☐ - Records indicate that Grievance # _____ was returned to you on _____.

☐ - This issue was addressed in Grievance # _____.

☐ - Your Step 1 or Step 2 Grievance was properly screened.

☐ - No other administrative remedies are available to you regarding this matter as it has been reviewed at both Step1 & Step 2 of the grievance procedure and it does not rise to the level of warranting further review.

☐ - This issue(s) is outside the oversight of the Texas Department of Criminal Justice.

☒ - This matter was forwarded to Rehabilitative Programs Division & Classification & Records.

---

TBCJ - Office of the Independent Ombudsman
PO Box 99
Huntsville, Texas 77342-0099
Office (936) 437-5620 · Fax (936) 437-4930
ombudsman@tdcj.texas.gov

P.1 of 2

Dale Wainwright, Chairman of the Texas Board of Criminal Justice (TBCJ)
P.O. Box 13084
Austin, TX 78711-3084

RE: Civil Action No. 2:12-CV-00166

On February 26, 2019, United States District Judge, Nelva Gonzales Ramos enjoined the Texas Department of Criminal Justice from enforcing its male grooming policy against inmates Robbie Dow Goodman, William Casey & Raymond Cobb, who are housed at the McConnell Unit in Beeville, TX. Yet TDCJ refuses to update their offender handbook to allow for Judge Ramos' ruling. I am of the same faith & heritage as these three inmates & I wish to grow my hair in accordance with my religious beliefs; Please allow me to do so.

The name Texas comes from the Caddo Indian word 'Taysa', which means friends or Allies, but the Texas Department of Criminal Justice & the Texas Board of Criminal Justice are not being very friendly to me & my brothers by refusing to allow us to fully express our religious beliefs by growing our hair long.

Please update your policies to allow for Judge Ramos' order & allow all of us who are listed as Native American on our travel cards to worship our religion equally.

Sincerely,
Brian L. Oatman #2097131
James V. Allred Unit
2101 FM 369 N.
Iowa Park, TX 76367

Sent by U.S. Mail
12-2-2020

1-16-2022

1:21-CV-01177-LY-DH; Oatman v. Lumpkin et al

P. 2 of 2