IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BRIAN OATMAN,** § | |
| **TDCJ #02097131,** § | |
| *Plaintiff,* § | |
| § | |
| v. § | **CIVIL ACTION NO. 1:21-CV-01177** |
| § | |
| **BOBBY LUMPKIN,** *et al.*, § | |
| *Defendants.* § | |

## DEFENDANTS' ORIGINAL ANSWER AND JURY DEMAND

Defendants Bobby Lumpkin, Bryan Collier, and Patrick O'Daniel (collectively, "Defendants"), by and through the Office of the Attorney General of Texas, file this Original Answer and Jury Demand in response to Plaintiff Brian Oatman's Amended Complaint [ECF No. 37].

### GENERAL DENIAL

1. Pursuant to Federal Rule of Civil Procdure Rule 8(b), and for the express purpose of requiring Plaintiff Oatman to meet his burden of proof herein, Defendants deny each and every allegation contained in Plaintiff's Amended Complaint except those admitted to below.

### SPECIFIC ADMISSIONS AND DENIALS

2. Defendants admit that, at all times relevant to the allegations in Plaintff's Amended Complaint, they were employed by the Texas Department of Criminal Justice ("TDCJ"). Defendants assert that TDCJ is an agency of the State of Texas.

3. Defendants admit that at all times relevant to the allegations in Plaintiff's Amended Complaint, Plaintiff Oatman was an inmate incarcerated within TDCJ

4. Defendants deny that Plaintiff Oatman was deprived of any right, privilege, or immunity granted or secured by the Constitution or laws of the United States, including the First Amendment of the U.S. Constitution, the Fifth Amendment of the U.S. Constitution, the Eighth Amendment of the

U.S. Constitution, the Fourteenth Amendment of the U.S. Constitution, the Americans with Disabilities Act of 1990 ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-1, et seq., or under any other statute, constitutional theory, or legal authority.

5. Defendants deny that they were deliberately indifferent to Plaintiff Oatman's medical, health or safety.

6. Defendants deny that Plaintiff Oatman is a person with a mental disability within the meaning of the ADA.

7. Defendants deny that they violated the ADA in any way. Defendants assert that they did not violate the ADA by discriminating or retaliating against Plaintiff Oatman because of any alleged disability.

8. Defendants deny that Plaintiff Oatman is entitled to any relief. Defendants deny each and every remaining allegation therein.

## AFFIRMATIVE DEFENSES AND IMMUNITIES

9. Defendants deny that Plaintiff Oatman may bring this suit without first exhausting administrative remedies, as required by the Prison Litigation Reform Act. See 42 U.S.C. § 1997e(a); *see also Irby v. Nueces Cty. Sheriff*, 790 F. Supp. 2d 552, 557 (S.D. Tex. 2011) (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)) ("[A] prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court."). Defendants will file a dispositive motion for failure to exhaust should it become evident that Plaintiff has failed his burden to properly exhaust all administrative remedies.

10. To the extent Plaintiff Oatman is lodging any complaint against Defendants in their individual capacities, Defendants assert that, at all times relevant to this cause of action, they acted in good

faith and with a reasonable belief that their actions were in compliance with the laws and Constitution of the United States.

11. Defendants assert that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

12. Defendants assert their right to all applicable immunities, including and without limitation, sovereign immunity, official immunity, Eleventh Amendment immunity, and qualified immunity.

13. Defendants assert their entitlement to qualified immunity against the 42 U.S.C. § 1983 cause of action and any other federal claim asserted against them in their individual capacities.

14. To the extent Plaintiff Oatman is lodging any complaint against Defendants in their official capacities, Defendants assert their entitlement to Eleventh Amendment immunity, which bars any claims for damages that may have been brought against them in their official capacities.

15. Defendants assert that government officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983, and generally are not proper parties to a cause of action under said statute.

16. Defendants assert that Plaintiff Oatman has not demonstrated that Defendants' conduct violated clearly established law.

17. At all times relevant to this cause, Defendants acted, if they acted at all, in their official capacity as officials of TDCJ, with the reasonable and good faith belief that their actions were proper under the Constitution and laws of the State.

18. Defendants assert a statute of limitations defense to any claims filed beyond the applicable statute of limitations.

19. Defendants assert the right to raise additional defenses as they become apparent during the factual development of this case.

## DAMAGES AND ATTORNEY FEES

20. Defendants deny that Plaintiff Oatman is entitled to any relief whatsoever, whether under state or federal law, including and without limitation, injunctive relief, compensatory damages, equitable relief, attorney's fees, interest, expert fees, costs or any other type of legal or equitable relief.

21. Defendant denies that Plaintiff Oatman is entitled to monetary damages under RLUIPA. *See Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 329 (5th Cir. 2009), *aff'd*, *Sossamon v. Texas*, 131 S. Ct. 1651 (2011).

22. Defendants assert that to the extent Plaintiff Oatman is suing them in their individual capacities for alleged violations of his rights protected under RLUIPA, those claims are not actionable. *See Sossamon*, 560 F.3d at 329.

## JURY DEMAND

23. Should any of Plaintiff's claims proceed to trial, Defendants request a trial by jury.

## CONCLUSION

24. Defendants pray that Plaintiff take nothing, and that Defendants be awarded their costs and have any other relief to which they may be entitled.

> Respectfully Submitted,
>
> **KEN PAXTON**
> Attorney General of Texas
>
> **BRENT WEBSTER**
> First Assistant Attorney General
>
> **GRANT DORFMAN**
> Deputy First Assistant Attorney General
>
> **SHAWN E. COWLES**
> Deputy Attorney General for Civil Litigation
>
> **SHANNA E. MOLINARE**
> Division Chief, Law Enforcement Defense Division
>
> */s/ Jessica L. Weltge*

4

**JESSICA L. WELTGE**
Assistant Attorney General
Texas State Bar No. 24118585
Jessica.Weltge@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 936-2109

**ATTORNEYS FOR DEFENDANTS
LUMPKIN, COLLIER, AND O'DANIEL**

## NOTICE OF ELECTRONIC FILING

I, **JESSICA L. WELTGE**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of **Defendants Lumpkin, Collier, and O'Daniel's Original Answer and Jury Demand** in accordance with the Electronic Case Files System of the Western District of Texas on April 29, 2022.

> */s/ Jessica L. Weltge*
> **JESSICA L. WELTGE**
> Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **JESSICA L. WELTGE**, Assistant Attorney General of Texas, certify that a true and correct copy of **Defendants Lumpkin, Collier, and O'Daniel's Original Answer and Jury Demand** will be served by placing it in U.S. Mail, postage prepaid, on or within one business day of April 29, 2022, addressed to:

Brian Oatman, TDCJ #02097131         ***VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED***
Connally Unit
899 FM 632
Kenedy, TX 78119
**Plaintiff *pro se***

> */s/ Jessica L. Weltge*
> **JESSICA L. WELTGE**
> Assistant Attorney General