

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRIAN G. OATMAN #02097131, PLAINTIFF, | § § § § | |
| v. | § | NO. A-21-CV-1177-LY |
| BOBBY LUMPKIN, PATRICK O'DANIEL, and BRYAN COLLIER, DEFENDANTS. | § § § § § | |

## ORDER

Before the court is Plaintiff Brian G. Oatman's amended complaint (ECF No. 27). Plaintiff is proceeding *pro se* and *in forma pauperis*. Defendants Bobby Lumpkin, Patrick O'Daniel, and Bryan Collier move for summary judgment (ECF No. 66). Plaintiff did not file a response to Defendants' motion. After consideration of the above-referenced pleadings, the court grants Defendants' Motion for Summary Judgment.

## STATEMENT OF THE CASE

At the time he filed his civil-rights complaint, Plaintiff was confined in the Texas Department of Criminal Justice – Correctional Institutions Division. Plaintiff executed his original complaint on December 15, 2021. The court received the complaint on December 20, 2021. On January 6, 2022, the court ordered Plaintiff to file an amended complaint on a form for civil-rights complaints. Plaintiff executed an amended complaint on January 12, 2022. On March 30, 2022, the court granted Plaintiff's request to file a second amended complaint. Plaintiff's second amended complaint was filed that same day.

Plaintiff sues Defendants Bobby Lumpkin, Director of the Correctional Institutions Division; Patrick O'Daniel, Chairman of the Texas Board of Criminal Justice; and Bryan Collier,

1

Executive Director of the Texas Department of Criminal Justice (TDCJ). Plaintiff alleges Defendants are enforcing TDCJ policies that violate his constitutional rights, the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)[1], and the Americans with Disabilities Act (ADA)[2].

Specifically, Plaintiff alleges the TDCJ grooming policy substantially burdens the exercise of his religion in violation of RLUIPA and TDCJ's testing requirement for Native American offenders violates the ADA. Plaintiff asserts Defendants deprived him of his ability to practice his religion by classifying him as "heat sensitive" and transferring him from a unit designated for Native Americans. Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, and punitive damages.

Defendants move for summary judgment. They argue Plaintiff's claims for damages brought against them in their official capacities are barred by the Eleventh Amendment, Plaintiff failed to exhaust his administrative remedies before he filed his lawsuit, Plaintiff failed to allege Defendant O'Daniel was personally involved in the alleged violations, his claim regarding the grooming policy is moot, he fails to demonstrate a violation of his rights, there is no evidence Plaintiff has a disability, and nevertheless, he passed the test for Native American offenders.

## DISCUSSION AND ANALYSIS

A.  Summary Judgment Standard

A party is entitled to summary judgment if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). A summary judgment movant must establish every essential element of their claim or affirmative defense. *Celotex*

---

[1] 42 U.S.C. § 2000cc-2000cc-5
[2] 42 U.S.C. §§ 12101-12103

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). A dispute as to a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party opposing summary judgment cannot rest on the mere allegations of their pleadings, but instead must identify specific evidence in the record and articulate how that evidence supports their claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) ("This burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.") (internal quotations omitted). When deciding whether to grant summary judgment, the court should view the evidence in the light most favorable to the party opposing the motion and indulge all reasonable inferences in favor of that party. *Rankin v. Klevenhagen*, 5 F.3d 103, 105 (5th Cir. 1993). However, summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

B.    <u>Eleventh Amendment Immunity</u>

Pursuant to the Eleventh Amendment, federal courts are without jurisdiction over suits against a state unless that state has waived its sovereign immunity or Congress has clearly abrogated it. *Moore v. La. Bd. of Elementary and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). The Eleventh Amendment may not be evaded by suing state agencies or state employees

in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083,1087 (5th Cir. 1994). Being sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984).

    C.    <u>Exhaustion</u>

The United States Supreme Court has reiterated the necessity of prisoners exhausting prison grievance procedures before seeking judicial relief. *See generally Porter v. Nussle*, 534 U.S. 516 (2002). In reviewing this issue, the Court noted that in 1995, as part of the Prison Litigation Reform Act (PLRA), Congress revised the exhaustion provision to read "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* at 520. In reaching its decision, the Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532.

The Fifth Circuit has interpreted the PLRA as requiring inmates to invoke all administrative remedies available to them before they may contest prison conditions in federal court. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001) (citing *Booth v. Churner*, 531 U.S. 956 (2001)). TDCJ provides a two-step procedure for inmate grievances, and the Fifth Circuit typically requires that inmates avail themselves of both steps to exhaust their available administrative remedies. *Johnson v. Johnson*, 385 F.3d 503, 515–516 (5th Cir. 2004).

Defendants' summary-judgment evidence shows Plaintiff filed a Step 1 grievance on December 17, 2021, complaining employees of Management & Training Corporation (MTC) denied him the right to practice his religion because he was not being confined in a unit designated for Native Americans. In his grievance, Plaintiff states that he asked a chaplain if he could be transferred to a unit designated for Native Americans and grow his hair long, but the chaplain said "no." Plaintiff received a response to his grievance on January 28, 2022, instructing him to send an I-60 request to the unit chaplain about his request to be reassigned.

On January 26, 2022, Plaintiff submitted another Step 1 grievance complaining about MTC employees denying him the right to practice his religion because he was not being confined at a unit designated for Native Americans. The Step 1 grievance was returned unprocessed to Plaintiff on the same day because it was redundant to his previously filed grievance.

Plaintiff filed a Step 2 grievance on January 28, 2022, stating he was dissatisfied with the response to his Step 1 grievance and complaining that Defendants Bobby Lumpkin, Bryan Collier, and MTC officials are denying him his right to practice his religion. On February 10, 2022, an official responded to Plaintiff's Step 2 grievance, stating that Plaintiff was instructed in the Step 1 response to submit an I-60 to the unit chaplain with further instructions to request reassignment to a unit designated for Native Americans and that "[a]fter further review, the Unit Chaplain still has not received an I-60 requesting such reassignment on your behalf."

Plaintiff initiated this action in federal court two days before Plaintiff filed his first Step 1 grievance complaining he was denied the right to practice his religion. "[T]he PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," irrespective of whether exhaustion is achieved during the federal proceeding. *Gonzalez v. Seal*, 702 F.3d 785, 787-88 (5th Cir.

5

2012). The district court cannot excuse a prisoner's failure to properly exhaust the prison grievance process before filing a complaint. *Id.* at 788.

## CONCLUSION

The court lacks jurisdiction over Plaintiff's claims seeking monetary damages against the defendants in their official capacities. In addition, Plaintiff failed to exhaust his administrative remedies before he filed his federal lawsuit.

It is therefore **ORDERED** that the Motion for Summary Judgment, filed by Defendants Lumpkin, Collier, and O'Daniel (ECF No. 66) is **GRANTED**. Plaintiff's claims brought against the defendants in their official capacities for monetary damages are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, and Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

It is further **ORDERED** that all other pending motions are **DISMISSED**.

**SIGNED** this 11th day of April 2023.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE